Parker C. J.
delivered the opinion of the Court. The defendant was an original promisor, and is to be treated in all respects as such, though he is described in the note as a surety, unless some new contract has been made with those who are described as principals, which would prevent him from bringing an action. Mere delay to call on or sue the principal will not discharge the surety, as is settled in the case of Hunt v. Bridgham.
If the plaintiffs had, by any contract with the principals, disabled themselves from suing, or the surety from taking up the note in order to secure himself, a defence might be maintained. The only circumstance relied on to show this is, that after the note became due, they received the interest for sixty days in advance, which was by implication giving a new credit for that time. But they retained the power of suing and might, if they had apprehended a failure, have made an attachment. We see no ground of defence.[1]

Defendant defaulted.

 See Freeman’s Bank v. Rollins, 13 Maine R. (1 Shepley,) 202; Central Bank v. Willard, 17 Pick. 150; Blaclcstone Bank v. Hill, 10 Pick. 129; 2 Pick. (2d edit.) 585 and cases cited in notes; 14 Wendell, 165; 10 Peters, 257.